UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Dyson Technology Limited

          Plaintiff,

v.

Case No.: 1:23−cv−14092

Honorable LaShonda A. Hunt

The Partnerships and Unincorporated Associations Identified on Schedule A

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 10, 2023:

    MINUTE entry before the Honorable LaShonda A. Hunt: Upon review of the Complaint [1], the Court questions whether joinder of 79 defendants is appropriate in this case. Plaintiff alleges that it is "a world−famous technology company that designs, manufactures and distributes hair care products, such as hair stylers and hair dryers, as well as a variety of other products...." (Dkt. [1] at 3). Plaintiff filed this trademark infringement suit against 79 online retailers who are allegedly selling unauthorized products based on a variety of its trademarked products. (*Id.* at 2, 6–11). The Complaint alleges that Defendants have created numerous internet stores that "share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use[,]" (*id.* at 10), "establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences." (*Id.* at 2). In addition, the Complaint alleges, among other things, that the unauthorized products "bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Dyson Products may be manufactured by and come from a common source and that Defendants are interrelated[,]" and, on information and belief, that "Defendants, either individually or jointly, operate one or more e−commerce stores[,]" and "are in constant communication with each other[.]" (*Id.* at 6–10). Although the Complaint and attachments total 192 pages, those are the only allegations offered to establish a connection between all the defendants. Such conclusory and speculative statements, however, do not satisfy the principles described in *Estee Lauder Cosmetics Ltd. v. Schedule A,* 334 F.R.D. 182 (N.D. Ill. 2020). Accordingly, Plaintiff is ordered to file a supplemental memorandum addressing the propriety of joinder by 10/24/23. Alternatively, by the same date, Plaintiff is granted leave to file an amended complaint with a smaller subset of defendants that includes specific allegations supporting joinder. Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery [12] and Plaintiff's Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) [17] are taken under advisement until the joinder issue is resolved. Emailed notice. (cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.